UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-280-DJH

ROSSANA CLARKE,                                          PLAINTIFFS
as Administratrix of the
Estate of Alejandro Clarke, Jr.

and

JESSICA WOLLASTON,
on behalf, and as the natural
mother of A.X.C., a minor

and

PAULA KENNEDY,
on behalh, and as the natural
mother of A.A.C., a minor


VS.                    **ANSWER TO COMPLAINT**

DEPUTY JACOB DUKE,
in his individual capacity
as a Hardin County Deputy Sheriff                        DEFENDANTS

and

LIEUTENANT TAYLOR MILLER,
in his individual capacity
as a Hardin County Deputy Sheriff

and

TROOPER MATTHEW JOHNSON,
in his individual capacity
as a Kentucky State Trooper

and

TROOPER DILLON SPENCER,
in his individual capacity
as a Kentucky State Trooper

and

TROOPER ETHAN WHITLOCK,
in his individual capacity
as a Kentucky State Trooper

and

STANLEY COPELIN,
in his individual capacity
as a Paramedic for Hardin County
Emergency Medical Services

and

LINDSAY SHARP,
in her individual capacity
as a EMT for Hardin County
Emergency Medical Services

AND

HARDIN COUNTY, KENTUCKY


                    *  *  *  *  *  *  *  *  *  *  *  *

     Come the Defendants, HARDIN COUNTY, KENTUCKY, DEPUTY JACOB

DUKE AND LIEUTENANT TAYLOR MILLER, by counsel, and for their Answer

herein, state as follow:

     1.   That the Complaint fails to state a cause of action upon

which relief may be granted.

     2.   That Plaintiffs' claims are barred in whole or in part

by estoppel, contributory negligence, the applicable statutes of

limitation, waiver, collateral estoppel, res judicata and any

other matter constituting an avoidance or affirmative defense.

3.    That this Answering Defendant, HARDIN COUNTY, KENTUCKY, affirmatively states that it is an agent of the Commonwealth of Kentucky, and as such, Plaintiffs' claims are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

4.    That this Answering Defendant, DEPUTY JACOB DUKE, affirmatively states that he is an agent and/or employee of the Commonwealth of Kentucky or its political subdivision, Hardin County, Kentucky.

5.    That Plaintiffs' claims against this Answering Defendant, DEPUTY JACOB DUKE, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant to act in his capacity as a Deputy Sheriff, of Hardin County, Kentucky and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

6.    That this Answering Defendant, LIETENANT TAYLOR MILLER affirmatively state that he is an agent and/or employee of the Commonwealth of Kentucky or its political subdivision, Hardin County, Kentucky.

7. That Plaintiffs' claims against this Answering Defendant, LIEUTENANT TAYLOR MILLER, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant to act in his capacity as a Deputy Sheriff, of Hardin County, Kentucky and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

8. That these Answering Defendants deny the allegations contained in paragraph 1.

9. That these Answering Defendants deny the allegations contained in paragraph 2.

10. That these Answering Defendants deny the allegations contained in paragraph 3.

11. That these Answering Defendants deny the allegations contained in paragraph 4.

12. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 5; therefore, they deny same.

13. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6; therefore, they deny same.

14. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7; therefore, they deny same.

15. That the Answering Defendants admit the allegations contained in paragraph 8.

16. That the Answering Defendants admit the allegations contained in paragraph 9.

17. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 10; therefore, they deny same.

18. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 11; therefore, they deny same.

19. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 12; therefore, they deny same.

20. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 13; therefore, they deny same.

21. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14; therefore, they deny same.

22. That as to the allegations contained in paragraph 15, these Answering Defendants Admit that Hardin County, Kentucky is

a local Government entity as stated; however, these Answering Defendants deny that Hardin County is responsible for the Policies, Practice and Customs for the Hardin County Sheriff's Department.

23. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16; therefore, they deny same.

24. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 17; therefore, they deny same.

25. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18; therefore, they deny same.

26. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 19; therefore, they deny same.

27. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 20; therefore, they deny same.

28. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21; therefore, they deny same.

29.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 22; therefore, they deny same.

30.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 23; therefore, they deny same.

31.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 24; therefore, they deny same.

32.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 25; therefore, they deny same.

33.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 26; therefore, they deny same.

34.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27; therefore, they deny same.

35.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 28; therefore, they deny same.

36.   That these Answering Defendants admit the allegations contained in paragraph 29.

37.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 30; therefore, they deny same.

38.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31; therefore, they deny same.

39.  That these Answering Defendants deny the allegations contained in paragraph 32.

40.  That these Answering Defendants deny the allegations contained in paragraph 33.

41.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 34; therefore, the deny same.

42.  That these Answering Defendants admit the allegations contained in paragraph 35.

43.  That they Answering Defendants admit the allegations contained in paragraph 36.

44.  That these Answering Defendants admit the allegations contained in paragraph 37.

45.  That these Answering Defendants admit the allegations contained in paragraph 38.

46.  That these Answering Defendants admit the allegations contained in paragraph 39.

47.   That these Answering Defendants admit the allegations contained in paragraph 40.

48.   That these Answering Defendants deny the allegations contained in paragraph 41.

49.   That these Answering Defendants deny the allegations contained in paragraph 42.

50.   That these Answering Defendants deny the allegations contained in paragraph 43.

51.   That these Answering Defendants admit the allegations contained in paragraph 44.

52.   That these Answering Defendants admit the allegations contained in paragraph 45.

53.   That these Answering Defendants admit the allegations contained in paragraph 46.

54.   That these Answering Defendants admit the allegations contained in paragraph 47.

55.   That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 48; therefore, they deny same.

56.   That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 49; therefore, they deny same.

57. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 50; therefore, they deny same.

58. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 51; therefore, they deny same.

59. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 52; therefore, they deny same.

60. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 53; therefore, they deny same.

61. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 54; therefore, they deny same.

62. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 55; therefore, they deny same.

63. That these Answering Defendants deny the allegations contained in paragraph 56.

64. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 57; therefore, they deny same.

65.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 58; therefore, they deny same.

66.  That these Answering Defendants deny the allegations contained in paragraph 59.

67.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 60; therefore, they deny same.

68.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 61; therefore, they deny same.

69.  That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 62; therefore, they deny same.

70.  That these Answering Defendants deny the allegations contained in paragraph 63.

71.  That these Answering Defendants deny the allegations contained in paragraph 64.

72.  That these Answering Defendants deny the allegations contained in paragraph 65.

73.  That these Answering Defendants deny the allegations contained in paragraph 66.

74.  That these Answering Defendants deny the allegations contained in paragraph 67.

75.   That these Answering Defendants deny the allegations contained in paragraph 68.

76.   That these Answering Defendants deny the allegations contained in paragraph 69.

77.   That these Answering Defendants deny the allegations contained in paragraph 70.

78.   That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 71; therefore, they deny same.

79.   That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 72; therefore, they deny same.

80.   That as to the allegations contained in paragraph 73, these Answering Defendants admit that an ambulance was requested as stated; however, they deny the remaining allegations of said paragraph.

81.   That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 74; therefore, they deny same.

82.   That these Answering Defendants admit the allegations contained in paragraph 75.

83.   That these Answering Defendants admit the allegations contained in paragraph 76.

84. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 77; therefore, they deny same.

85. That these Answering Defendants deny the allegations contained in paragraph 78.

86. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 79; therefore, they deny same.

87. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 80; therefore, they deny same.

88. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 81; therefore, they deny same.

89. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 82; therefore, they deny same.

90. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 83; therefore, they deny same.

91. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 84; therefore, they deny same.

92.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 85; therefore, they deny same.

93.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 86; therefore, they deny same.

94.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 87; therefore, they deny same.

95.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 88; therefore, they deny same.

96.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 89; therefore, they deny same.

97.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 90; therefore, they deny same.

98.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 91; therefore, they deny same.

99.   That   these   Answering   Defendants   have   insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 92; therefore, they deny same.

100. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 93; therefore, they deny same.

101. That they Answering Defendants admit the allegations contained in paragraph 94.

102. That they Answering Defendants admit they allegations contained in paragraph 95.

103. That these Answering Defendants deny the allegations contained in paragraph 96.

104. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 97; therefore, they deny same.

105. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 98; therefore, they deny same.

106. That these Answering Defendants deny the allegations contained in paragraph 99.

107. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 100; therefore, they deny same.

108. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 101; therefore, they deny same.

109. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 102; therefore, they deny same.

110. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 103; therefore, they deny same.

111. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 104; therefore, they deny same.

112. That these Answering Defendants deny the allegations contained in paragraph 105.

113. That these Answering Defendants deny the allegations contained in paragraph 106.

114. That these Answering Defendants deny the allegations contained in paragraph 108.

115. That these Answering Defendants deny the allegations contained in paragraph 109.

116. That these Answering Defendants deny the allegations contained in paragraph 110.

117. That these Answering Defendants deny the allegations contained in paragraph 111.

118. That these Answering Defendants deny the allegations contained in paragraph 112.

119. That these Answering Defendants deny the allegations contained in paragraph 113.

120. That these Answering Defendants deny the allegations contained in paragraph 114.

121. That these Answering Defendants deny the allegations contained in paragraph 115.

122. That these Answering Defendants deny the allegations contained in paragraph 116.

123. That these Answering Defendants deny the allegations contained in paragraph 118.

124. That these Answering Defendants deny the allegations contained in paragraph 119.

125. That these Answering Defendants deny the allegations contained in paragraph 120.

126. That these Answering Defendants deny the allegations contained in paragraph 121.

127. That these Answering Defendants deny the allegations contained in paragraph 123.

128. That these Answering Defendants deny the allegations contained in paragraph 124.

129. That these Answering Defendants deny the allegations contained in paragraph 125.

130. That these Answering Defendants deny the allegations contained in paragraph 126.

131. That these Answering Defendants deny the allegations contained in paragraph 127.

132. That these Answering Defendants deny the allegations contained in paragraph 128.

133. That these Answering Defendants deny the allegations contained in paragraph 129.

134. That these Answering Defendants deny the allegations contained in paragraph 130.

135. That these Answering Defendants deny the allegations contained in paragraph 132.

136. That these Answering Defendants deny the allegations contained in paragraph 133.

137. That these Answering Defendants deny the allegations contained in paragraph 134.

138. That these Answering Defendants deny the allegations contained in paragraph 135.

139. That these Answering Defendants deny the allegations contained in paragraph 136.

140. That these Answering Defendants deny the allegations contained in paragraph 138.

141. That these Answering Defendants deny the allegations contained in paragraph 139.

142. That these Answering Defendants deny the allegations contained in paragraph 140.

143. That these Answering Defendants deny the allegations contained in paragraph 141.

144. That these Answering Defendants deny the allegations contained in paragraph 142.

145. That these Answering Defendants deny the allegations contained in paragraph 143.

146. That these Answering Defendants deny the allegations contained in paragraph 145.

147. That these Answering Defendants deny the allegations contained in paragraph 146.

148. That these Answering Defendants deny the allegations contained in paragraph 147.

149. That these Answering Defendants deny the allegations contained in paragraph 149.

150. That these Answering Defendants deny the allegations contained in paragraph 150.

151. That these Answering Defendants deny the allegations contained in paragraph 152 as stated as calling for a legal conclusion.

152. That these Answering Defendants deny the allegations contained in paragraph 153.

153. That these Answering Defendants deny the allegations contained in paragraph 154.

154. That these Answering Defendants deny the allegations contained in paragraph 155.

155. That these Answering Defendants deny the allegations contained in paragraph 156.

156. That these Answering Defendants deny the allegations contained in paragraph 157.

157. That these Answering Defendants deny the allegations contained in paragraph 159.

158. That these Answering Defendants deny the allegations contained in paragraph 160.

159. That these Answering Defendants deny the allegations contained in paragraph 161.

160. That these Answering Defendants deny the allegations contained in paragraph 162.

161. That these Answering Defendants deny the allegations contained in paragraph 163.

162. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 165; therefore, they deny same.

163. That these Answering Defendants deny the allegations contained in paragraph 166.

164. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 167; therefore, they deny same.

165. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 168; therefore, they deny same.

166. That these Answering Defendants deny the allegations contained in paragraph 169.

167. That these Answering Defendants deny the allegations contained in paragraph 170.

168. That as to the allegations contained in paragraph 172, said allegations do not require a response but to the extent it attempts to impose liability upon these Answering Defendants same is denied.

169. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 173; therefore, they deny same.

170. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 174; therefore, they deny same.

171. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 175; therefore, they deny same.

172. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 176; therefore, they deny same.

173. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 177; therefore, they deny same.

174. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 178; therefore, they deny same.

175. That these Answering Defendants have insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 179; therefore, they deny same.

176. That these Answering Defendants deny the allegations contained in paragraph 181.

177. That any allegation not herein specifically admitted is hereby denied.

178. That Plaintiffs' claims as to these Answering Defendants are barred in whole or in part because Plaintiff has not and can not show a deliberate indifference by these Answering Defendants of any serious deprivation relating to any serious need. These Answering Defendants affirmatively state that they acted toward Plaintiffs and their decedent with good faith at all times relative to this action.

179. That these Answering Defendants incorporate by reference and adopt as part of their Answer all appropriate defenses set forth in the Federal Rules of Civil Procedure 8 and 12 insofar as future discovery in this case reveals facts or information such

that said defenses are appropriate and they reserve their right to amend their Answer to expressly plead all such defenses.

180. Any award of punitive damages against the Defendants is prohibited in whole or in part as an arbitrary deprivation of property in violation of 5th, 6th, 8th and the due process clause of the 14th Amendment to the Constitution of the United States. Such an award would also violate KRS Chapter 411 and Sections 1, 2, 14 and 17 of the Kentucky Constitution, which require due process of law and protection against arbitrary or excessive awards of punitive damages.

181. That the claim of the Plaintiffs for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate the Defendants' due process rights under the 14th Amendment to the United States Constitution and under Section 2 of the Kentucky Constitution.

182. That Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate the Defendants' due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

183. That Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law

by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendants' due process and equal protection rights guaranteed by the 14th Amendment to the United States Constitution and the double jeopardy clauses of the 5th Amendment as incorporated into the 14th Amendment and by Sections 23, 13 and 17 of the Kentucky Constitution.

184. That the Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Kentucky law would violate the Defendants' due process right guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

185. That Plaintiffs' claim for punitive damages against the Defendants cannot be sustained, because an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal Defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendants' rights under the 14th Amendment to the United States Constitution and the 4th, 5th, and 6th Amendments as incorporated into the 14th Amendment and by Sections 2, 10, 11, 13 and 4 of the Kentucky Constitution.

WHEREFORE, the Defendants, HARDIN COUNTY, KENTUCKY, DEPUTY JACOB DUKE and LIEUTENANT TAYLOR MILLER demand as follows:

1.    That the Complaint be dismissed, with prejudice, and the Plaintiffs recover nothing thereby;

2.    For trial by jury;

3.    That they be awarded cost, including a reasonable attorney fee; and

4.    For any and all further relief to which they may appear entitled.

/S/ Robert K. Bond
ROBERT K. BOND
COLEMAN LOCHMILLER & BOND
P.O. BOX 1177
ELIZABETHTOWN, KY  42702-1177
(270) 737-0600
ATTORNEY FOR DUKE, MILLER AND
HARDIN COUNTY, KENTUCKY

### CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022I electronically filed the foregoing with the Clerk of the Court by using the ECF document filing system of the Western District of Kentucky, which will provide electronic service to the following:

David N. Ward
Garry R. Adams
Adams Landenwich & Walton, PLLC
517 West Ormsby Ave.
Louisville, KY 40203
Counsel for Plaintiff

Carol S. Petitt
Ronnie W. Mills
Vaughn Petitt Legal Group, PLLC
Pewee Valley, KY 40056
Counsel for Copelin and Sharp

Trooper Matthew Johnson
954 Cameron Ponder Dr.
Elizabethtown, KY 42701

Trooper Dillon Spencer
954 Cameron Ponder Dr.
Elizabethtown, KY 42701

Trooper Ethan Whitlock
954 Cameron Ponder Dr.
Elizabethtown, KY 42701

/S/ Robert K. Bond
ROBERT K. BOND