UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
3:22-CV-280-DJH

ROSSANA CLARKE, *et al*.                                             PLAINTIFFS

vs.

DEPUTY JACOB DUKE, *et al*.                                          DEFENDANTS

## ANSWER

Come Defendants, Stanley Copelin and Lindsay Sharp, in their individual capacities, by counsel, and state as follows for their Answer.

1. The Complaint fails, in whole or in part, to state claims against these Defendants for which relief can be granted.

2. Paragraph 1 is a general narrative of the case with some factual allegations contained therein along with allegations calling for conclusions of law for which no response is appropriate or required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and same are therefore denied at this time, pending discovery.

3. The allegation contained in Paragraphs 2, 3 and 4 call for a legal conclusion for which no response is appropriate or required, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and same are therefore denied at this time, pending discovery.

4.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5, 6, 7, 8, 9, 10, 11 and 12, and same are therefore denied, pending discovery.

5.       Defendants admit the allegations contained in Paragraphs 13 and 14 of the Complaint.

6.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77 and 78, and same are therefore denied at this time.

7.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 to the extent that Defendants arrived at 2:14 a.m., and same is therefore denied at this time, pending discovery. Defendants admit the allegations set forth in Paragraph 79 to the extent that Stanley Copelin is a paramedic and Lindsay Sharp was an EMT. Defendants deny the allegations set forth in Paragraph 79 to the extent that Defendants appeared to be in no hurry to treat Clarke, who was considered a trauma patient.

8.       Defendants deny the allegations contained in Paragraph 80.

9.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and same are therefore denied, pending discovery.

10.      Defendants admit the allegations set forth in Paragraphs 82 and 83.

11.      Defendants admit the allegations set forth in Paragraph 84 to the extent Copelin and Sharp observed Clarke was anxious and restless with scratches on his back. Defendants deny the

allegations set forth in Paragraph 84 that Clark had bruising across his entire torso and puncture wounds to his arm and leg.

12. Defendants admit the allegations set forth in Paragraph 85.

13. Defendants deny the allegations set forth in Paragraphs 86, 87 and 88.

14. Defendants admit the allegations set forth in Paragraph 89 to the extent that at some point Clarke's pulse was measured at 51 and his $O_2$ saturation was measured at 82. All other allegations contained in Paragraph 89 are denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 90, 91 and 92.

16. Defendants deny the allegations set forth in Paragraph 93 to the extent it is alleged Clarke was not taken to the hospital in direct contradiction to the standard protocols for emergency personnel, including the protocols identified in the preceding Paragraphs, as well as Defendants' training and experience. Defendants admit the allegations set forth in Paragraph 93 to the extent that Clarke was returned to the care of Defendant Officers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that allege Defendant Officers planned to transport Clarke to the hospital by way of cruiser instead of ambulance, and same are therefore denied at this time, pending discovery.

17. Defendants admit the allegations set forth in Paragraph 94 to the extent Copelin signed a Medical Clearance for Taser Injuries form at 2:28 a.m. Defendants deny the remaining allegations set forth in Paragraph 94.

18. Upon information and belief, Defendants admit the allegations set forth in Paragraph 95.

19. Defendants deny the allegations set forth in Paragraph 96.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97, and same are therefore denied at this time, pending discovery.

21. Defendants deny the allegations set forth in Paragraph 98.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 99 and 100, and same are therefore denied at this time, pending discovery.

23. Defendants admit the allegations set forth in Paragraph 101 to the extent that Defendants Copelin and Sharp started CPR on Clarke. Defendants deny the allegations set forth in Paragraph 101 to the extent that Clarke was barely breathing and had no pulse.

24. Defendants admit the allegations set forth in Paragraph 102 to the extent that CPR was still in progress when Clarke arrived at the hospital but deny any remaining allegations set forth.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 103, 104, 105 and 106, and same are therefore denied at this time, pending discovery.

26. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 107.

27. Paragraphs 108, 109, 110, 111, 112, 113, 114, 115 and 116 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 108, 109, 110, 111, 112, 113, 114, 115 and 116, and same are therefore denied at this time, pending discovery.

28. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 117.

29. Paragraphs 118, 119, 120 and 121 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 118, 119, 120 and 121, and same are therefore denied at this time, pending discovery.

30. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 122.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, and same are therefore denied at this time, pending discovery.

32. The allegations contained in Paragraph 124 call for a legal conclusion for which no response is appropriate or required, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and same are therefore denied at this time, pending discovery.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and same are therefore denied at this time, pending discovery.

34. Defendants deny the allegations in Paragraphs 126, 127, 128, 129 and 130.

35. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 131.

36. Paragraphs 132, 133, 134, 135 and 136 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraphs 132, 133, 134, 135 and 136, and same are therefore denied at this time, pending discovery.

37. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 137.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, 139, 140 and 141, and same are therefore denied, pending discovery.

39. Defendants deny the allegations set forth in Paragraphs 142 and 143.

40. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 144.

41. Paragraphs 145, 146 and 147 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 145, 146 and 147, and same are therefore denied at this time, pending discovery.

42. Defendants deny the allegations set forth in Paragraphs 148, 149 and 150.

43. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 151.

44. Paragraphs 152, 153, 154, 155, 156, and 157 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 152, 153, 154, 155, 156, and 157, and same are therefore denied at this time, pending discovery.

45. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 158.

46. Paragraphs 159, 160, 161, 162 and 163 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 159, 160, 161, 162 and 163, and same are therefore denied at this time, pending discovery.

47. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 164.

48. Defendants deny the allegations set forth in Paragraphs 165, 166, 167, 168, 169 and 170.

49. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 171.

50. Paragraphs 172, 173, 174, 175, 176, 177, 178 and 179 contain no allegations against these Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 172, 173, 174, 175, 176, 177, 178 and 179, and same are therefore denied at this time, pending discovery.

51. Defendants incorporate all previous defenses, denials and responses to the allegations incorporated by reference in Paragraph 180.

52. Defendants deny the allegations set forth in Paragraphs 181.

53. Defendants assert that, for all times relevant to the allegations contained within the Complaint, they acted consistently with all relevant statutes, regulations, codes, protocols and ordinances.

54. Defendants assert that the claims made against them are barred, in whole or in part, by the doctrines of governmental and/or absolute and/or qualified and/or common law immunity.

55. At all times referenced in the Complaint, these Defendants exercised sound judgment and discretion, acted in good faith and within the scope of their duties.

56. Any injury alleged by Plaintiff was due and caused by his own conduct, intentional acts and/or negligence and/or failure to comply with the applicable laws and regulations of the Commonwealth of Kentucky and said conduct or acts by the Plaintiff was a substantial contributing factor or proximate of any injury claimed.

57. Any injury alleged by the Plaintiff was caused solely by his own wrongful act(s) and conduct and not by the reason of any unlawful act or omissions by these Defendants.

58. To the extent that Plaintiff, or parties not yet a party to this litigation, were responsible for causing or bringing about the claims of the Plaintiff, in whole or in part, then Plaintiff's claims against these Defendants are limited or barred or reduced comparatively thereby.

59. Plaintiff's claims are barred secondary to his failure to mitigate any and all alleged damages.

60. Defendants are not liable for their acts or omissions while exercising reasonable due care in the execution and enforcement of any law, public duty or responsibility.

61. Any loss or injury alleged by Plaintiff was directly and proximately caused by the actions or conduct of persons and/or entities other than these Defendants, by the superseding, intervening, negligent and/or intentional conduct or omissions of such persons and/or entities.

62. Defendants are not liable for punitive damages in any sum and/or Plaintiff's claim for punitive damages is barred by applicable law.

63. The imposition of punitive or exemplary damages against Defendants would violate the Defendants' constitutional rights under the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause of the Eight

Amendment to the Constitution of the United States, the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the applicable Kentucky Constitution, and/or the common law or public policies of the Commonwealth of Kentucky, and/or applicable statutes and court rules, and the circumstances of this litigation, including but not limited to:

a. imposition of such punitive damages by a jury which, (1) has not been provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damage award; (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining an amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, or wealth of Defendant(s); (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and, (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b. imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise and/or inconsistent;

c. imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d. imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive issues only if and after the liability of Defendant(s) has been found on the merits;

e. imposition of such punitive damages, and determination of the amount of an award thereof, under the laws of the Commonwealth of Kentucky, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or

f. imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Defendants' conduct in connection with the matters alleged in this litigation, or in any other way subjecting Defendant(s) to impermissible multiple punishments for the same alleged wrong.

64. Defendants may have defenses that are not currently known. Defendants incorporate by reference and adopt as part of this Answer all those appropriate defenses set forth in Rule 8 and 12 of the *Federal Rules of Civil Procedure.* Moreover, these Defendants reserve all rights pursuant to *Fed. R. Civ. P.* 15 to subsequently amend this Answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses pertinent to this action.

65. All averments not expressly admitted are denied.

Respectfully submitted,

/s/ Carol S. Petitt
Carol S. Petitt
Ronnie W. Mills
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
cpetitt@vplegalgroup.com
rmills@vplegalgroup.com
COUNSEL FOR DEFENDANTS
COPELIN AND SHARP


## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was this 13th day of July 2022, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

Garry R. Adams
David N. Ward
ADAMS LANDENWICH & WALTON, PLLC
517 West Ormsby Avenue
Louisville, Kentucky 40203
(502) 561-0085
garry@justiceky.com
david@justiceky.com
COUNSEL FOR PLAINTIFFS

Robert K. Bond
COLEMAN, LOCHMILLER & BOND
P.O. Box 1177
Elizabethtown, Kentucky 42702-1177
(270) 737-0600
rkbond@clblegal.com
COUNSEL FOR DEFENDANTS, DUKE, MILLER, AND HARDIN COUNTY, KENTUCKY

Brenn O. Combs
Kentucky State Police Legal Office
919 Versailles Road
Frankfort, Kentucky 40601
(502) 782-1800
brenn.combs@ky.gov
COUNSEL FOR WHITLOCK, JOHNSON AND SPENCER


/s/ Carol S. Petitt
VAUGHN PETITT LEGAL GROUP, PLLC